## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In re:**     **Justin Paymaster** | ) | |
|                 **Melissa Paymaster** | ) | |
| | ) | **Case No.: 10 B 12409** |
| | ) | **Judge Bruce W. Black** |
| | ) | **Chapter 7** |
| **Debtor(s)** | ) | |

**OBJECTION TO MOTION TO AVOID JUDGMENT LIEN AND MOTION FOR AN EXTENSION OF TIME TO AND INCLUDING 30 DAYS FOLLOWING THE MEETING OF CREDITORS HELD ON MAY 6, 2010 TO FILE ADDITIONAL OBJECTIONS TO THE MOTION**

NOW COMES HUSEINQAIESI, by and through his attorney, Stephen L. Richards, Law and objects to the motion of debtors JUSTIN PAYMASTER and MELISSA PAYMASTER to avoid judgment lien and moves for an extension of time to and including 30 days following the meeting of creditors to file additional objections to the motion. In support thereof, Husein Qaiesi states as follows:

1. He is a creditor of Justin Paymaster and Melissa Paymaster.

2. He holds a judicial lien in the approximate amount of $32,655.65 upon property owned by the debtor Justin Paymaster on the property of 45 E. 31st Street, Steger, Illinois, 60475.

3. Justin Paymaster incurred this debt to Husein Qaiesi by a series of fraudulent and destructive acts.

4. During divorce proceedings between Husein Qaiesi and Kathleen Qaiesi, Kathleen Qaiesi, with the connivance of Justin Paymaster fraudulently conveyed the marital

residence of Husein Qaiesi and Kathlees Qaiesi to Justin Paymaster in a "sham sale," forging Husein Qaiesi's name to the deed of sale.

5. As part of the divorce decree , Kathleen Qaiesi and Justin Paymaster were required to maintain the mortgage and maintenance, both ordinary and extraordinary.

6. Instead, at the time Kathlees Qaiesi and Justin Paymaster vacated the residence, the existing mortgage was in arrears and substantial maintenance and repair was needed to restore the residence to a liveable, and saleable condition.

7. Kathleen Qaiesi and Justin Paymaster failed to respond to a petition for a rule to show cause and Kathleen Qaiesi was found in indirect civil contempt for her willful violation of the Judgment for Dissolution of Marriage.

8. On October 26, 2006, a judgment was entered in favor of Husein Qaiesi in the amount of approximately $32,655.65.

9. The judgment lien which debtors now seek to avoid was incurred as the result of their fraudulent, contemptuous conduct and violation of court orders.

10. On March 22, 2010, Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code.

11. The bankruptcy has not yet been discharged.

12. The meeting of creditors was held on May 6, 2010 at 11:00 a.m.

13. On April 7, 2010, debtors filed a routine motion to avoid a judgment lien, setting a hearing on April 30, 2010 at 9:15 a.m.

14. Under Bankruptcy Rule 4003(b), "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §

341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."

15. Husein Qaiesi objects to the motion to avoid a judgment lien on the following grounds.

16. First, that judgment lien debt was an amount obtained by Debtors from Husein Qaiesi by fraud, and is therefore nondischargeable.

17. Second, that Debtor is barred by principles of equitable estoppel from seeking to avoid the lien and assert the homestead exemption.

18. Third, Husein Qaiesi contests the contention that amount of the lien impairs the homestead exemption.

Respectfully submitted,

_____

Husein Qaiesi, by his attorney

Stephen L. Richards
651 W. Washington, Suite 205
Chicago, IL 60661
773-817-6927
773-917-8888

# CERTIFICATE OF SERVICE

The undersigned, Stephen L. Richards hereby certifies that the following document:

**OBJECTION TO MOTION TO AVOID JUDGMENT LIEN AND MOTION FOR AN EXTENSION OF TIME TO AND INCLUDING 30 DAYS FOLLOWING THE MEETING OF CREDITORS HELD ON MAY 6, 2010 TO FILE ADDITIONAL OBJECTIONS TO THE MOTION** was served on May 14 , 2010, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the Northern District Bankruptcy court's ECF system as to ECF filers, and was sent by first-class mail or by hand delivery to non-ECF filers, if any.

By:

Stephen L. Richards
651 W. Washington, Suite 205
Chicago, IL 60661
312-917-8888
773-817-6927